IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
v.                              *   CR 110-251-05
                                *
GREGORY VALENTINO IVEY          *

O R D E R

Defendant Gregory Valentino Ivey has filed a motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early.  Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court.  The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  In this case, while Ivey claims to have submitted a request to the Warden on February 1, 2021, he provides no evidence to support this.  Thus, the Court cannot

determine if Ivey has exhausted his administrative remedies as required prior to seeking relief in the district court.

Moreover, upon consideration of Ivey's request for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).

Ivey would bear the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). Here, he appears to invoke the "family circumstances" category as the basis for relief, stating that his mother has major health issues and is having difficulty caring for herself. Ivey also presents a letter from a nurse practitioner, which states that Ivey's mother reported to her that her cardiologist has recommended a pacemaker and that Ivey's mother will need Ivey's assistance during her recovery following surgery. (Doc. 983.)

Application Note 1(C) provides only two categories of family circumstances that would constitute extraordinary and compelling circumstances: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." The circumstances cited by Ivey do not meet either of these criteria. Accordingly, even if Ivey had exhausted his administrative remedies, his proffered reason for relief does not fall under this category of extraordinary and

3

compelling circumstances, and his motion would be denied on the merits for this reason.[1]

Upon the foregoing, the Government's motion to dismiss Defendant Ivey's motion for compassionate release (doc. 984) is **GRANTED**. The Clerk is directed to **TERMINATE** the motion for compassionate release (doc. 977).

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of April, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] To be clear, even if the Court could consider family circumstances related to an inmate's parents, Ivey has not presented sufficient evidence to carry his burden to demonstrate that his mother is or will be incapacitated and that he is the only potential caregiver. This is a heavy burden, and the say-so of the mother and son and the hearsay letter from a non-physician will not carry the day.